UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICARDO RUIZ, | Case No.: 2:24-cv-00606-APG-BNW |
| Plaintiff | **Order Remanding Case** |
| v. | [ECF No. 6] |
| GEICO GENERAL INSURANCE COMPANY, | |
| Defendant | |

Defendant GEICO General Insurance Company removed this action based on diversity jurisdiction. ECF No. 1.  Plaintiff Ricardo Ruiz now moves to remand the case to state court because the amount in controversy does not exceed this court's $75,000 jurisdictional floor. ECF No. 6.  Because there are insufficient facts to justify jurisdiction, I grant the motion to remand.

Ruiz was injured in a car crash and sustained $41,541.75 in medical expenses. *Id.* at 3. He received $15,000 from the tortfeasor's insurance company, and $10,000 from his own medical payment policy. *Id.*  GEICO is therefore entitled to a $25,000 offset against the expenses sought by Ruiz in this case.  Thus, Ruiz's remaining medical expenses total $16,541.75.  He also may have to undergo future injections costing $16,309.00. ECF No. 11 at 8.

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotation and citation omitted).  This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (quotation omitted). *See also Gaus*

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt that the amount in controversy exceeds this court's jurisdictional threshold. Ruiz's remaining medical expenses total $16,541.75, with possible future injections costing $16,309.00. GEICO primarily relies on Ruiz's initial settlement demand for the $300,000 policy limit. ECF No. 11 at 7. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Unlike in *Cohn*, Ruiz admits

that his demand was a "hyperbolic" negotiation ploy and he is not seeking the policy limit. ECF No. 13 at 4. I agree it is not a reasonable estimate of Ruiz's claim.

Based on my judicial, legal, and practical experience and common sense, I find that GEICO has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal,* 556 U.S. at 679. Consequently, I must remand this action to state court.

I THEREFORE ORDER that Ruiz's motion to remand (ECF No. 6) is granted. This case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 8th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3